## STONE v. STONE.

1. DIVORCE—ALIMONY—RECORD.

On husband's appeal from order modifying decree as to alimony payments, record *held*, insufficient to warrant interference by Supreme Court with award by trial judge to wife for support of herself and their three minor children of $20 a week during winter months and $25 a week during summer months, where husband operated a gasoline filling station and rented cabins.

2. COSTS—DIVORCE—BRIEFS.

No costs are allowed appellee in divorce case upon affirmance of order modifying decree, where she filed no brief.

Appeal from Alger; Runnels (Herbert W.), J. Submitted June 7, 1940. (Docket No. 64, Calendar No. 41,181.) Decided October 7, 1940.

Bill for divorce by Andrew Stone against Jenny Stone for extreme cruelty. Cross bill by defendant against plaintiff for divorce for extreme cruelty. Decree for defendant on cross bill. Petition by plaintiff to modify decree. Order entered modifying decree. Plaintiff appeals. Affirmed.

*George S. Baldwin*, for plaintiff.

NORTH, J. This appeal is by plaintiff from an order of the circuit judge modifying upon plaintiff's motion the provision for the payment of alimony in a decree of divorce.

The parties to this suit were married in July, 1929. In June, 1938, the husband filed a bill for divorce. An amended bill was filed in November, 1938. The wife answered and filed a cross bill. After hearing on the merits a decree of divorce on the ground of extreme cruelty was granted to the wife on her cross bill. The decree gave to the wife the custody of the three minor children, the youngest of whom was a daughter born after suit was started, and the other two were boys whose respective ages are stated in the amended bill of complaint as 7 and 8 years. The decree provided that the husband should pay for the support of these children and their mother $25 per week. On January 16, 1940, the husband filed a motion in which he asserted he was "unable to make the payments of support money and the decree in that regard is inequitable and beyond the means of plaintiff and the standard of living of defendant," and he sought an order of the court modifying the decree by reducing the amount of the weekly payments. The parties were heard on this motion and the court entered an order which in part reads as follows:

"It is ordered, adjudged and decreed that the original decree in this cause be modified and hereby is modified to the extent and effect that the provision for the payment of $25 a week for the support of defendant and the minor children of the parties, be reduced as of November 1, 1939, to the sum of $20 a week until May 1, 1940, at which time the monthly payment hereby ordered shall be increased to $25 a week, with the privilege of renewing said motion at the October term in the year 1940 of this court."

It is from the above modification of the decree that the husband has appealed. He claims that the showing as to his property possessions and his earning capacity was such as renders the provision in the modified order inequitable and that the amount of the weekly payments should be still further reduced. In his brief he contends that his monthly earnings were shown to be from $125 to $130 per month and he urges that he should not be required to pay for the support of his children and their mother in the excess of $60 per month.

We think there is no merit to plaintiff's contention; at least it is not sufficiently demonstrated by the record on this appeal to justify us in interfering with the order of the trial judge who heard both the original case and this motion for modification. He gave the husband's contention careful consideration. Obviously from his opinion he was skeptical of plaintiff's showing as to the income he enjoyed from his business as an operator of a gasoline filling station and rental of cabins, in part to transients and in part to permanent occupants. In the opinion filed the circuit judge said:

"I might state that the books of account of plaintiff were very unsatisfactory. They were kept by the plaintiff alone and the defendant testified that he kept his books, prior to the divorce, locked up

and she had no idea as to his income. It would appear from the testimony of plaintiff that certain receipts were not even set down in his books of account, and this court is satisfied that his books of account were not accurately kept and that inasmuch as certain receipts were concealed that perhaps more have been. * * * The court finds that $25 a week is a reasonable payment for the support of the wife and children and believes that said plaintiff should pay this amount if he is financially able. After reviewing all of the testimony the court is in some doubt as to plaintiff's ability to pay the entire amount of $25 per week, particularly during what are called the lean months, that is November through to May 1st, consequently I have decided to reduce the amount of the payments from November 1, 1939, to May 1, 1940, to $20 per week. Inasmuch as the testimony discloses the fact that after that time the summer season begins, during which the probabilities are there will be an increase in business, not only at the gasoline filling station but also a greater demand for the use of the cabins, and the income of plaintiff will consequently increase, I hereby order * * * after May 1st plaintiff shall resume the payments provided for in the original decree. * * * It is further determined that at my term of court commencing on the 21st day of October, 1940, this matter will be reopened and testimony will be taken relative to the earnings of said plaintiff from this time until October 21st, from which a further determination as to the amount plaintiff shall pay will be determined.''

The order modifying the decree from which plaintiff has appealed is affirmed. Appellee has not filed a brief herein and no costs will be awarded.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.